

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 SEP -9 PM 3:21

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: Letter of Request from The Republic of  \*
Poland, The Ministry of Justice, State Public  \*
Prosecutor's Office for Assistance in the Criminal  \*   No. **MISCELLANEOUS**
Matter of MARIELLA Company  \*
\*                                    **02-2762**

                                                                                    **SECT. A MAG 1**

### *EX PARTE* APPLICATION FOR ORDER PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1782

The United States of America petitions this Court for an Order pursuant to 28 U.S.C. 1782 and its own inherent authority appointing Assistant United States Attorney Patrice Harris Sullivan as Commissioner to collect evidence from witnesses within the jurisdiction of this Court and to take such other action as is required to execute the attached request made by The Republic of Poland, Ministry of Justice, State Public Prosecutor's Office.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

_____
PATRICE HARRIS SULLIVAN (#14987)
Assistant United States Attorney
Hale Boggs Federal Building
501 Magazine Street, Room 210
New Orleans, LA 70130
Telephone: 504/680-3115

DATE OF ENTRY
SEP 13 2002

Fee_____
Process___
X Dktd____
CtRmDep__
Doc. No.___

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  Letter of Request from The Republic of     *
Poland, The Ministry of Justice, State Public       *
Prosecutor's Office for Assistance in the Criminal  *     No.
Matter of MARIELLA Company                          *
                                                    *

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

This memorandum is submitted in support of the application of the United States for an order requiring persons within the jurisdiction of this Court to provide testimony and evidence requested by The Republic of Poland, The Ministry of Justice, State Public Prosecutor's Office, for use in a criminal proceeding in Poland and appointing a commissioner to collect it. The application is based upon the attached letter of request.

**A.     FACTS**

As set forth in the letter of request, The Republic of Poland, The Ministry of Justice, State Public Prosecutor's Office, has commenced a criminal proceeding in Poland. The proceeding involves MARIELLA, a limited liability company in Łódź, Plac Wolności 8, who submitted invoices for animal furs to the Polish Customs authorities. The invoices were issued by MELTON Consulting Company, LLC ("MELTON Consulting") of Metairie, LA. Albert J. Derbes is the representative

1

of MELTON Consulting. The invoices were signed by Desiree R. Mire, Director of MELTON Consulting. Based on information provided by the United States Customs authorities, the signatures on the invoices were not authentic. Although the invoices were issued by MELTON, the fur coats were shipped to Poland from Chaisso, Switzerland; thus, the country of origin was false, and the contact address given was located in Great Britain. The agreement for sale of fur coats was concluded with Consultinvest Company in Balerna. The fur coats were transported by Furtrans Company. The conclusion by the Polish authorities was that the invoices had been counterfeited and that the statement of origin of the fur coats from Italy was false, while the country of origin was not known. By using such counterfeited invoices the company exposed the State Treasury to customs duty reduction, excise duty and VAT.

Pursuant to *Polish Fiscal Penal Code Article 56, Section 1*:

A taxpayer who, while filing a declaration or statement with a tax authority or a payer, provides untrue information or conceals the truth or fails to perform the duty to notify of changes in the data covered by such a declaration or statement, whereby he/she exposes the State Treasury or a local self-government unit to a tax reduction, shall be liable to a penalty of a fine of up to 720 daily rates or to a penalty of imprisonment for a period not longer than 2 years, or jointly to both of such penalties.

*Polish Fiscal Penal Code Article 87, Section 1* states:

Any person who, by misleading an authority which is entitled to carry out customs control, exposes the State Treasury to reduction of the customs duty, shall be liable to a fine or up to 720 daily rates or to a penalty of imprisonment for a period not longer than 2 years or jointly to both of such penalties.

It is requested that we question MELTON Consulting Representative Albert J. Derbes regarding the circumstances surrounding three invoices dated 9/17/98, 10/22/98 and 12/1/98, and his knowledge of Desiree R. Mire, an employee of MELTON Consulting and her involvement in these invoices. It is requested that we obtain blank forms of their company invoices for use as specimen and to obtain any other documents relied upon by MELTON Consulting to complete the invoices. It is asked that we explore Mr. Derbes' knowledge of an agreement between Consultinvest SA Company and Mariella dated 7/31/98. Mr. Derbes should be asked for any documentation about the founding of MELTON Consulting, such as incorporation papers domestic and foreign.

It is also requested by Polish authorities that we question Ms. Desiree R. Mire about her knowledge of the circumstances surrounding the issuance of the three invoices mentioned above and any knowledge she may have about the agreement between Consultinvest Company and P. Peluso.

Finally, we are asked that the statements of Mr. Derbes and Ms. Mire be taken under oath and that copies of any documents produced by these individuals be certified as authentic.

It is the belief of the Polish authorities that examination of the statements and records obtained pursuant to this request will contribute to understanding the circumstances of the occurrence of crimes believed to have been committed in connection with these shipments.

**B.     LEGAL AUTHORITIES**

This Court, pursuant to its statutory and inherent authority, may (1) order that persons within this district shall provide the evidence requested for use in a proceeding in a foreign country, (2)

3

appoint a person to gather such evidence, and (3) establish the procedure pursuant to which the evidence requested shall be produced.

### 1. **Authority to Grant a Foreign Request for Assistance**

Title 28, United States Code, Section 1782, provides in pertinent part that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign . . . tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign . . . tribunal or upon the application of any interested person . . . .

Section 1782 was enacted:

> . . . to improve United States judicial procedures for . . . obtaining evidence in the United States in connection with proceedings before foreign and international tribunals . . . .

Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S. Code Cong. & Admin. News 3782 [hereinafter 1964 U.S.C.C.A.N.]. By enacting Section 1782, Congress reaffirmed the inherent authority of district courts to grant foreign judicial assistance. In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 648 F. Supp. 464 (S.D.Fla. 1986), aff'd, 848 F.2d 1151, 1154 (11th Cir. 1988), cert. denied, 488 U.S. 1005 (1989) [hereinafter Trinidad and Tobago]. More significantly, its enactment reflected Congress' desire to **increase** the power of district courts to respond to foreign requests for judicial assistance. In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1218 (9th Cir. 1976) [hereinafter Japan I]. In sum, Section 1782 is a Congressional invitation to district courts to affirmatively act to execute foreign

4

requests for judicial assistance.

### a. Source of the foreign request for assistance

Foreign requests for judicial assistance may be made by a foreign court or tribunal, including an investigating magistrate or juge d'instruction. In re Letter of Request from the Government of France, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991) [hereinafter France]; In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 405-406 (S.D.Fla. 1987) [hereinafter Haiti]. Foreign requests may also be made by "any interested person," such as a foreign legal affairs minister or public prosecutor. In re: Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan, 16 F.3d 1016 (9th Cir. 1994) [hereinafter Japan II]; In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 690 (D.C. Cir. 1989) [hereinafter United Kingdom]; Trinidad and Tobago, 648 F.Supp. at 466-67.

### b. Purpose for the foreign request for assistance

Foreign requests for judicial assistance must be for the purpose of securing evidence "for use in a proceeding in a foreign . . . tribunal." This includes evidence needed in proceedings before investigating magistrates, as well as in proceedings before conventional courts. 1964 U.S.C.C.A.N. at 3788; Haiti, 669 F. Supp at 405-406. Section 1782 contemplates that district courts will facilitate evidence gathering prior to litigation; Congress amended Section 1782 to eliminate the need for a "pending" proceeding with the intention of expanding the availability of U.S. judicial procedures for

5

obtaining evidence in the United States in connection with proceedings before foreign tribunals. Even so, where no proceeding before a foreign tribunal is currently pending, district courts should consider whether a proceeding can reasonably be expected to commence. As Judge (now Justice) Ginsburg explained:

> [T]o guard against abuse of section 1782, the district court must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time.

United Kingdom, 870 F.2d at 692.[1]

### 2. **Authority to Appoint a Commissioner**

Section 1782 further provides in pertinent part that:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given or the document or other thing be produced, before a person appointed by the court.

A district court customarily appoints or "commissions" a person ("commissioner") to collect evidence on behalf of the district court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or authority. With requests for assistance in criminal

---

[1] The several circuit courts that have focused on the proximity to a proceeding before a foreign tribunal that should exist before a district court provides assistance under Section 1782 have produced no single standard. In re Request for International Judicial Assistance (Letter Rogatory) for the Federative Republic of Brazil, 936 F.2d 702, 707 (2nd Cir. 1991) [hereinafter Brazil] (proceeding must be "imminent"); United Kingdom, 870 F.2d at 690 (proceeding must be "reasonably contemplated"); Trinidad and Tobago, 848 F.2d at 1154-56 (proceeding must be "very likely to occur"). See also Japan I, 539 F.2d at 1218 (assistance requested "for use in completion of the investigation and in future trials").

The Department of Justice disagrees with the Second Circuit position that the proceeding in the foreign jurisdiction must be "imminent" before a district court may grant judicial assistance. Nonetheless, such is the law in that circuit and Assistants filing for commissioner appointments within that circuit must so apprise district courts. Whether, in support of commissioner appointments, the Second Circuit's standard should be brought to the attention of district courts in other circuits (and, if so, whether it should be otherwise distinguished) is left to the discretion of the Assistants and the rules governing their circuits and districts.

matters, a district court typically appoints an Assistant United States Attorney as commissioner. However, a district court also may commission a foreign authority together with (or in lieu of) an Assistant United States Attorney. See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991) [hereinafter Hong Kong].

Application to a district court for appointment of a commissioner to execute a foreign request for judicial assistance is handled ex parte. United Kingdom, 870 F.2d at 688; Japan I, 539 F.2d at 1219.

### 3. **Authority to Establish the Evidence-collecting Procedure**

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A district court has "complete discretion in prescribing the procedure to be followed." 1964 U.S.C.C.A.N. at 3789. When a district court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. Japan II, 16 F.3d 1016; Hong Kong, 138 F.R.D. at 32. However, as Section 1782 makes clear, when a district court does specify a procedure other than one in accordance with the Federal Rules of Civil Procedure, the alternative procedure shall apply. France, 139 F.R.D. at 590-591.

### a.   Commissioner's subpoena

If a district court so orders, a commissioner may use the attached form, entitled commissioner's subpoena, to obtain the requested evidence. See, e.g., United States v. Erato, 2 F.3d 11, 12-13 (2nd Cir. 1993) (incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the district court for the production of evidence in accordance with Section 1782. See 28 U.S.C. 1651. Upon authorization by a district court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request in the relevant district.

### b.   Notice of evidence taking

If a district court so orders, a commissioner may collect the evidence in accordance with procedures -- including those involving notice -- requested by the requesting court or authority.[2] In the absence of a request for a specific procedure, a district court can assume that the requesting court

---

[2] Historically, United States authorities have executed requests for judicial assistance in criminal matters without notification to actual or potential targets of investigations, or even to parties in proceedings, in order to protect against compromising foreign investigations and proceedings. Moreover, United States authorities customarily rely on the requesting courts and authorities to provide such notice directly to the relevant parties as foreign law requires. Finally, requesting courts and authorities routinely request that United States executing authorities follow particular, stated notice procedures when such procedures are necessary or useful under the foreign law or practice. For example, foreign requests frequently ask (1) that a person to be interviewed (generally a defendant or suspect) be given notice of applicable testimonial privileges (e.g., against self-incrimination) at the time of the interview and (2) that a defendant and defense counsel be permitted to be present during the taking of testimony of a witness and be given sufficient notice to make arrangements.

The AUSA should consider including the above or similar text in the body of the memorandum of law where the AUSA believes an explanation of the rationale for limiting notice would be useful to persuade the district court to sign the order. Otherwise, it need not be included. See Letter of Request herein.

8

or authority has provided such notice as the foreign law requires, or that the foreign law does not require notice and the requesting court or authority does not consider notice to be necessary or useful. In sum, if the requesting state has not requested notice, no notice need be provided. Accordingly, to the extent that a request does not ask for specific notice procedures, a district court should authorize a commissioner to take the evidence without notice to any party other than the recipient of the commissioner's subpoena.

4.  **The Present Request**

Based upon the facts set forth in the letter of request from the Republic of Poland, Ministry of Justice, State Public Prosecutor's Office, the request is clearly one contemplated by Congress when, in enacting Section 1782, it expanded the authority of federal courts to assist foreign tribunals. Inasmuch as the evidence obtained by Polish authorities has been gathered in connection with a penal proceeding which involves losses of tax revenues, there is a high likelihood that future proceedings will occur.

Congress intended that the United States set an example to other nations by making judicial assistance generously available. Trinidad and Tobago, 848 F.2d at 1153-54. Accordingly, the government asks this Court, in the interests of comity, to issue the attached order under Section 1782 granting assistance for a proceeding in Poland, appointing Assistant United States Attorney Patrice Harris Sullivan as commissioner, and authorizing her to take the actions necessary, including the

issuance of commissioner's subpoenas, to collect the evidence requested and to adopt such procedures in the receipt of the evidence as are consistent with the intended use thereof in Poland.

    Respectfully submitted,

    JIM LETTEN
    UNITED STATES ATTORNEY

    _____
    PATRICE HARRIS SULLIVAN (#14987)
    Assistant United States Attorney
    Hale Boggs Federal Building
    501 Magazine Street, Room 210
    New Orleans, LA 70130
    Telephone: 504/680-3115

**Certified translation from the Polish language**

*/national emblem of the Republic of Poland/*
**THE REPUBLIC OF POLAND
THE MINISTRY OF JUSTICE
STATE PUBLIC PROSECUTOR'S OFFICE
Department for International Legal Affairs**
tel./fax: 48 22 628 1682

Warsaw, 11th July 2001

**PR II Oz 2798/01/P**

        **Office of International Affairs
Criminal Division
Department of Justice
Bond Building, Suite 5100
1400 New York Avenue, N. W.
Washington D.C. 20530**

By virtue of article 1 of the Agreement between the Republic of Poland and the United States of America on Mutual Assistance in Criminal Matters, as of 10th July 1996, I hereto enclose the request for legal assistance in the matter related to the activity of "MARIELLA" company in Łódź (number I Oz 43/01 as of 29th June 2001) filed by the District Public Prosecutor in Łódź together with its English translation, and I respectfully ask you to cause that it is provided.

In further correspondence, please refer to number PR II Oz 2798/01/P.

      Yours faithfully

            Chief,
            Department for International Legal Affairs
            Anna Adamiak - Derendarz
            *(-) illegible signature*

*Official round stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim: "Ministry of Justice".*

ATTACHMENT 1

*/national emblem of the Republic of Poland/*
District Public Prosecutor's Office
in Łódź

Łódź, 29th June 2001

**I Oz 43/01**

## REQUEST
## FOR LEGAL ASSISTANCE

The Regional Public Prosecutor's Office for Łódź-Bałuty is supervising preliminary proceedings into matter number 1 Ds 205/01, related to a fiscal offence which consisted in the following: during the period from 18th September to 2nd December 1998 in Łódź, MARIELLA Spółka z o. o. *(limited liability company)* in Łódź, Plac Wolności 8, was misleading the Polish customs control authority by declaring for the procedure of admitting to trade of goods in the form of mink, squirrel, polecat and musk-rat fur coats, fur linings of mink fur pieces, ram hides and linings, and manikins, at the total customs value of 190,849 zloty, submitting invoices numbers 1/98 as of 17th September 1998, 2/98 as of 22nd October 1998 and 3/98 as of 1st December 1998, where the country of origin was indicated as Italy. The invoices were issued by MELTON Consulting Trading Company LLC 3027 Ridgelake Drive Metairie Louisiana 70002 USA.

It was found out during the penal proceedings that the invoices had not been signed by the issuer and that the statement of the country of origin was false. By using such counterfeited invoices the company exposed the State Treasury to customs duty reduction at the amount of 179,414.90 zloty, excise duty at the amount of 23,562.30 zloty and VAT at the amount of 44,364.80 zloty, which is a prohibited act under article 56 § 3 in conjunction with article 87 § 1 in conjunction with article 7 § 1 and in conjunction with article 6 § 2 of the Polish Fiscal Penal Code.

Invoices numbers 1/98, 2/98 and 3/98, issued in Chiasso, Switzerland constitute attachments numbers 1, 2 and 3 to this request.

Based on the information obtained from the US Customs Administration, the signature on the invoices with the contents Melton Consulting Trading Company LLC Desiree R. Mire Director is not authentic, as the person is a notary and the person has only been dealing with organising Melton Company. The signature as referred to above was affixed on the three invoices and on the statement of origin of the fur coats from Italy (statement contents: Merce Di Origine Italiana).

Melton Company was formed on 12th November 1996, and it was granted the number 3454301710. Albert J. Derbes is the Company's representative, and the Company's legal office address is: 3027 Ridgelake Drive Metairie Louisiana USA.

The US Customs Administration gave us its contact telephone number +48-30-8305-1475, the letter of information was signed by William J. Puff, Assistant Customs Attaché.

The fur coats were purchased by MARIELLA Spółka z o. o. *(limited liability company)* in Łódź, Plac Wolności 6. Pietro Peluso, an Italian citizen, is the president of the company. He stated that he had got two opinions by expert, from Italy and from the Great Britain, who assessed the fur coats at the Bonded Warehouse in Chiasso, Switzerland. The Italian and British expert opinions are included as attachments numbers 4 and 5 to this request.

Pietro Peluso entered on 31st July 1998 in Chiasso into an agreement with Consultinvest SA Company CH-6828 Balerna, Via Motta 8, represented by Franco Beatscher, regarding the fur coat purchase. A Xerox copy of the agreement is included as attachment number 6 to this request.

   It follows from the three T1 declarations that the fur coats were transported to Poland by SA Furtrans Corso San Gottardo 13 6830 Chiasso. Attachments numbers 7, 8 and 9 include the three T1 declarations.
   Based on the entire information obtained from the US Customs Bureau that the signature of the person named Desiree R. Mire on the invoices was not authentic, and based on the fact that the place of issuing the invoices was Chiasso in Switzerland, and that the invoices were issued by Melton Company in USA, and the contact address was given in Great Britain, the agreement for sale of fur coats was concluded with Consultinvest Company in Balerna, the fur coats were transported by Furtrans Company, the conclusion was that the invoices had been counterfeited and that the statement of origin of the fur coats from Italy was false, while the country of origin was not known, which caused charges by 100 per cent.
   Please do the following within the territory of Louisiana:

I.  Examine as a witness Albert J. Derbes, legal office address Melton Consulting Trading Company LLC 3027 Ridgelake Drive Matairie Louisiana upon showing the three invoices, which are included in attachments 1, 2 and 3 hereto, about the following circumstances, and in particular ask him the following questions:

1. What does Melton company deal with? Who is its owner and representative? Who issued the invoices; was it Melton Company in Louisiana, USA or Melton Company's representative in Great Britain? (please ask the witness to give the address and name of the person who issued the invoices) Or was it another entity? (maybe Consultinvest SA Company CH-6828 Balerna Via Motta 8)
2. Where (in which country) were the invoices drawn up? It follows from the contents that they were drawn up in Chiasso, Switzerland. Who then drew them up and sold the goods?
3. Are these original invoices, i.e. are they the same as the ones Melton Company has got in its documentation? (if Melton was the issuer) If they differ, then please make and attach to the records authenticated copies of the invoices that Melton Company is in possession of.
4. Were the invoices issued on the company form? If so, then please attach such a form specimen. Or were they only printed for the needs of the three transactions? Has the witness got any information about how, technically, Melton Company issues invoices? What should be stated in invoices? What kind of entity identity, whose stamps and signatures should be placed on such invoices? On what basis can an invoice place of issuance and author be identified?
5. Why were the invoices in Italian? (the invoices submitted to the Customs Office in Poland are in Italian)
6. Under which country's law and under which regulations were the invoices issued and where the copies thereof can be found? Were they settled at any Revenue Office? If so, which office was that?
7. What does the witness know about Consultinvestment SA Company Balerna Via Motta 8, Switzerland? Does the company act on behalf of Melton Company? In what matters does it do so? Did it only act on behalf of Melton Company with regard to the three invoices?
8. Do the files of Melton Company include documents that preceded the issuing of the three invoices, e.g. goods purchase and sale agreement or other documents certifying the fur coats' origin? Can the witness attach Xerox copies of those documents to the records?
9. Is the witness familiar with the document which is included in attachment number 6 to this request? Where and by whom was it issued?

10. Can the witness attach Xerox copies of the documents certifying the subject of business activity of Melton Company? What are the legal status, documents regarding the company founding, entering the company in a proper register, its capital, authorities and branches in the USA and Europe? If possible, please attach Xerox copies thereof.
11. Is the person named Desiree R. Mire an employee of Melton Company in the USA or in any other country? Since when and at which post has she been employed? Does the said individual sign invoices? Did she sign the invoices concerned? Was she authorised to do so? What kind of stamp does she use? Can the witness show the stamps and make impressions thereof on a blank paper sheet? Did the person sign the three invoices? Does the witness know any address so that Ms. D. R. Mire's place of stay can be identified and that she can be examined, too?
12. What does the witness know about the country of origin of the fur coats specified on the three invoices? Please show attachments numbers 1, 2 and 3. What does the witness base his statements on? If he has got proper documents certifying the origin of the fur coats indicated in the invoices, then please attach authenticated Xerox copies thereof.

II. Upon getting or identifying Ms. D. R. Mire's address, please examine her as a witness following showing her the three invoices, and ask her the following questions:
   1. Are the signatures on the three invoices hers? Is she authorised to issue invoices? Who and from where was delivering the goods described in the invoices?
   2. Are the stamps on the invoices hers? If she uses the stamps the contents of which are on the invoice, then please ask her to show the stamp and make several stamp impressions on a blank paper sheet.
   3. What does she know about the issuing of the invoices? When, by whom, where and for whom were they issued? What do they cover? Does she know anything about the goods purchase and sale agreement concluded with Consultinvest Company and P. Peluso? Does she know, where the invoice copies, documents on the basis of which they were issued (e.g. the said purchase and sale agreement with Consultinvest, assessment or fur coat expert opinion) can be found?
   4. What does she know about the country of origin of the fur coats specified in the invoices included in attachments numbers 1, 2 and 3?

III. Please make authenticated Xerox copies of the documents related to this request that are at Melton Company.

Prior to examining the witnesses, please warn them against penal liability for making false statements under article 233 § 1 of the Polish Penal Code, which reads:

"Any person who, while giving testimony which is going to serve as evidence in court proceedings or other proceedings being conducted on the basis of a law, gives false evidence or conceals the truth shall be liable to imprisonment for a period not longer than 3 years."

And please inform the witnesses about the contents of article 183 § 1 of the Polish Code of Penal Procedure, which reads as follows:

"A witness may decline to answer a question if such an answer could expose the witness or his/her relative to liability for a crime or misdemeanour."

The documents collected as a part of international legal assistance will be used in penal proceedings.
Under the Polish penal procedure, to include examination records in the evidence:
witnesses have to be warned against penal liability for giving false evidence and informed about their right to refuse to answer a question if such an answer could expose them or their relatives to penal liability.

The examination records and authenticated Xerox copies of documents will doubtless contribute to clearing out the circumstances of the occurrence of crimes.

best regards and thanks
District Public Prosecutor
in Łódź
Kazimierz Olejnik
*(-) illegible signature*

*Round official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim:* "District Public Prosecutor's Office in Łódź * 1 *."

COMMISSIONER'S SUBPOENA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TO: _____
     _____
     _____
     _____

      I, Commissioner Patrice Harris Sullivan, an Assistant United States Attorney for the Eastern District of Louisiana, acting pursuant to an Order of the District Court and under the authority of Title 28, United States Code, Section 1782, for the purpose of rendering assistance to Poland, command that you appear before me in Room <u>210</u>, in the Hale Boggs Federal Building located at 501 Magazine Street, in the City of New Orleans, in the State of Louisiana, at ___ a.m./p.m. on _____, _____, 2002, to provide testimony/ documents regarding an alleged violation of:

            the laws of Poland, namely, fraud, among other alleged violations, and that at the time and place aforesaid you provide the following:

      For failure to attend and provide testimony/said documents, you will be deemed guilty of contempt and liable to penalties under the law.

Dated:
COMMISSIONER Patrice Harris Sullivan
Assistant United States Attorney for the
Eastern District of Louisiana
Telephone (504) 680-3115

**ATTACHMENT 2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: Letter of Request from The Republic of   *
Poland, The Ministry of Justice, State Public   *     misc.
Prosecutor's Office for Assistance in the Criminal   *   No. 02-2762 A(1)
Matter of MARIELLA Company   *
                                                *

### ORDER

Upon application of the United States, and upon review of the letter of request of June 29, 2001, from The Republic of Poland, The Ministry of Justice, State Public Prosecutor's Office, seeking evidence for use in a judicial proceeding in Poland and the Court having fully considered this matter,

IT IS HEREBY ORDERED, pursuant to the authority conferred by 28 U.S.C. § 1782 and this Court's inherent authority, that Assistant United States Attorney Patrice Harris Sullivan is appointed as a Commissioner of this Court and is hereby directed to execute the letter of request as follows:

1.  take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2.  provide notice with respect to the collection of evidence to those persons identified in the request as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a tribunal in Poland, which procedures may be specified in the request or provided by the requesting court or authority or by a representative of Poland;

4. seek such further orders of this Court as may be necessary to execute this request; and

5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the requesting court or authority.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner, including, without limitation, special agents of the Federal Bureau of Investigation and/or representatives of Poland.

_____
UNITED STATES DISTRICT JUDGE

Dated: ____Sept. 13____, 2002

2